**CHOATE LAW FIRM LLC**
Mark Clayton Choate (SBN 206229)
mark@choatelawfirm.com
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894

Attorneys for Plaintiff Gerard Wetle

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD WETLE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DUANE MORRIS LLP and ZHAOYANG LI,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Gerard "Jerry" Wetle ("Wetle" or "Plaintiff") for his complaint against Defendant Duane Morris LLP ("Duane Morris") and Defendant Zhaoyang "Paul" Li ("Li") states as follows:

### INTRODUCTION

1. This is an action for fraud, legal malpractice, and breach of fiduciary duty arising out of Duane Morris' legal representation through its then-partner, Zhaoyang "Paul" Li, of Gerard "Jerry" Wetle in the formation and operation of a seafood-export business. Li inserted

COMPLAINT
Page 1 of 15

himself as a participant and partner in the business and subsequently used his knowledge and position as a lawyer and Wetle's attorney to cut Wetle out of the business that Wetle had helped build.

2. Li convinced Wetle to rely solely on Li's legal advice in the formation of this business, going so far as advising Wetle to terminate his own attorney, and misrepresented to Wetle that Wetle would be a member and equal partner in the joint seafood-export business.

3. In fact, Li never planned for Wetle to be an equal partner or even a partner in the business, and instead, used his position as Wetle's attorney to exploit Wetle's labor, knowledge, experience, and extensive connections in the commercial fishing industry to build the business, while simultaneously Li worked in the background to effectively cut Wetle out of the new business.

4. As a result, Wetle devoted substantial amounts of time, money, expertise, and relationship capital to the formation of what Wetle was misled into thinking was a business in which he was an equal partner, while in actuality, Li created a business and entities in which Wetle has no legal ownership and from which Wetle has received no share of the profits.

5. Li engaged in this fraud, legal malpractice, and breach of fiduciary duty as a partner in Duane Morris at its San Francisco office, using his Duane Morris email account, Duane Morris stationary, Duane Morris resources (including meetings held at Duane Morris), and, on information and belief, obtained assistance from Duane Morris associates and/or non-attorney employees. Li thus acted within his actual or apparent authority as a Duane Morris partner in defrauding Wetle.

**JURISDICTION AND VENUE**

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds $75,000, exclusive of interest and costs, Plaintiff is a citizen of Oregon, Defendant Duane Morris is a citizen of Delaware and Pennsylvania, and Defendant Li is a citizen of Georgia.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events giving rise to this claim occurred in and about the Northern District of California, including meetings regarding the representation at Duane Morris' office in San Francisco.

**PARTIES**

8. Plaintiff GERARD "JERRY" WETLE ("Wetle") is an individual residing in California.

9. Defendant DUANE MORRIS LLP ("Duane Morris") is a limited liability general partnership incorporated in Delaware with its principal place of business in Pennsylvania and with offices in multiple states and internationally, including an office in San Francisco and others throughout California.

10. Defendant ZHAOYANG "PAUL" LI ("Li") is an individual and an attorney licensed to practice law in California. On information and belief, Defendant Li currently resides in Atlanta, GA.

11. At all times relevant to the allegations in this Complaint, Defendant Li was a partner and agent of Defendant Duane Morris at its San Francisco office and as to all acts

alleged in the Complaint was acting within the scope of employment and agency of Duane Morris.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Gerard "Jerry" Wetle is a commercial fisherman, boat owner, and fish buyer and wholesaler who currently resides in Oregon but at the times relevant to this Complaint, resided in Salinas, California. He operates a business buying fish from California commercial fishermen and selling to buyers such as restaurants.

14. In September and October of 2016, Wetle worked with an individual named Bo Wu ("Wu") with the goal of creating a new company that would purchase seafood, particularly squid, for export to China. The new company was to be a California limited liability company with the name Fisherman Direct, LLC ("Fisherman Direct") with Wetle and Wu to each own 50% of the company.

15. Wetle hired an attorney, John Young ("Young") to help prepare the necessary legal documents for the formation and operation of the new venture.

16. Subsequently, Wu told Wetle that some "investors" wanted to purchase a squid fishing boat, the PAMELA ROSE to ensure a steady supply of squid for export, and wanted Wetle to act as a partner in the expanded venture and as the boat's manager.

17. Wetle and Wu agreed that they would create a new LLC to own the boat called Pamela Rose Holdings, LLC ("Pamela Rose Holdings") and a second LLC to manage the boat called Pamela Rose Management, LLC ("Pamela Rose Management").

COMPLAINT
Page 4 of 15

18. Wetle asked Young to prepare documents to set up the two additional entities and Young drafted two LLC agreements.

19. During this time, Wu brought Wetle to the San Francisco office of Defendant Duane Morris LLP to meet with Wu's attorney, Defendant Zhaoyang "Paul" Li, a California attorney and partner in Duane Morris.

20. Li told Wetle in substance that Wetle's attorney, John Young, was unqualified to do the necessary work for the purchase of the PAMELA ROSE and formation of the associated entities.

21. Li told Wetle, in substance, that Li wanted an equity interest in the new venture and that Wetle would no longer need Young as Wetle's lawyer because Wetle would have Li, a lawyer, as a business partner.

22. Li told Wetle that as Wetle's lawyer and business partner he would look out for Wetle's interests in the new venture and that Wetle did not need to continue working with attorney John Young. Li told Wetle that Wetle could rely on Li to at all times protect his interests as his new attorney and as his business partner.

23. Relying on Li's assurances that he would protect Wetle's interests, Wetle agreed to work with Li and Wu to build the joint business previously discussed by Wu and Wetle. Li took the lead in proposing and creating a holding company to purchase the PAMELA ROSE which would be managed in its squid fishing by Wetle, the products of which would then be sold by a new company, California Fisheries Holding LLC, (also created by Li) which would export the squid for profit.

24. Li advised Wetle that he and Wu would be equal partners with Wetle in California Fisheries Holding LLC. At all times, Wetle relied on Li's representations as his attorney and his representations that he had superior knowledge and experience in business formation and the law.

25. Li never informed Wetle, in writing or otherwise, that Wetle should seek the advice of independent counsel before going into business with Li or at any time while Li was working with Wetle or representing to others that he was working with Wetle in fishing businesses.

26. Li did not inform Wetle, in writing or otherwise, that there was a conflict of interest in Li's representation of Wu, Wetle, and himself in the PAMELA ROSE transactions and in subsequent transactions.

27. Li did not obtain informed written consent from Wetle for his representation of both Wu and Wetle.

28. Li never advised Wetle that a potential conflict of existed as well in his joint representation of Wetle, Wu, and various business enterprises that he led Wetle to believe Wetle had an interest.

29. Li did not obtain informed written consent from Wetle to the terms of the transactions in which Li would participate or have an economic interest and to Li's role in the transactions.

30. On information and belief, Li encouraged Wetle to fire his own attorney, John Young, and did not advise Wetle to consult with independent counsel because Li intended to use

his stature as a partner in a large national law firm, legal knowledge, and role as an attorney, to take advantage of and defraud Wetle.

31. Li subsequently revised and completed the draft LLC agreements prepared by John Young. In the Pamela Rose Holdings agreement, Li designated himself the agent for service of process with Duane Morris' San Francisco office as the address for service.

32. Li also signed the Pamela Rose Holdings agreement as a "member" of Pacific Technology Group, LLC.

33. From the fall of 2016 onward, Wetle worked in furtherance of the joint business venture with Li and Wu. This included, among other things, acting as the purchasing agent for the $2.6 million purchase of the PAMELA ROSE, supervising the refitting of the PAMELA ROSE in Ensenada, Mexico, a process that took 22 weeks, traveling to China to be the face of the business at a seafood trade show, and negotiating with vendors and setting up a squid packaging agreement with a company called Golden Pacific Seafoods, Inc. ("Golden Pacific").

34. Wetle performed this work based on Li's representations that Wetle, Li, Wu, and Jackson were equal partners and owners of California Fisheries Holding LLC and that the PAMELA ROSE would supply squid exclusively to California Fisheries Holding LLC.

35. Throughout this period, Li continued to assure Wetle that as his attorney, Li was looking out for Wetle's interests.

36. On information and belief, Li breached his legal and fiduciary obligations to Wetle by creating new entities to enter into contracts to sell squid that Wetle had played a primary role in obtaining access to as he was the only one with fishing experience, contacts within the fisheries, licensed as a captain, and with a history of catching, marketing and selling

squid. In late May of 2018, Wetle learned that Li through various businesses was marketing squid in China with representations that Wetle was an active member and participant in the squid businesses that Li helped create.

37. Wetle has in fact not received any benefit from these business transactions and to the best of his knowledge it appears that Li used his name, licenses, contacts, and experience for the benefit of Li and various legal entities created by Li.

38. Wetle made multiple requests for reassurance from Li that Wetle was still an equal partner in the joint business and that he would receive his share of the profits but has never received a response.

39. Wetle has never received a distribution from California Fisheries Holding LLC, and on information and belief, Wetle is not a member of California Fisheries Holding LLC.

40. Li used his legal knowledge and role as an attorney and counselor to take advantage of Wetle's good faith belief that Li was working with Wetle to create a joint business in which Wetle would be an equal partner and share equally in the profits.

41. Instead, Li exploited Wetle's time, labor, knowledge, and connections within the commercial fishing industry while simultaneously setting up the venture and entities in a manner that facilitated Li cutting Wetle out of the venture.

42. Li purposefully misrepresented and/or concealed the actual ownership of the entities being formed to Wetle, causing Wetle to reasonably rely on Li's misrepresentations to invest time, effort, and utilize his connections within the commercial fishing industry in service of a venture in which Li never intended to give Wetle an ownership interest.

43. In doing so, Li committed fraud and failed to uphold his professional, legal, ethical, and fiduciary obligations to Wetle and caused Wetle damages, to be described in more detail, below.

### FIRST CAUSE OF ACTION
### FRAUD
### (DEFENDANTS DUANE MORRIS LLP AND ZHAOYANG LI)

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that he was creating a LLC called California Fisheries Holding LLC in which Wetle would be a member and equal partner.

46. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that the PAMELA ROSE would only supply its catch to California Fisheries Holding LLC.

47. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that he was creating legal entities in furtherance of a joint venture with Wetle in which Wetle would be an equal partner.

48. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that Wetle would be compensated for his work on behalf of the partnership in, among other things, 1) supervising the refit of the Pamela Rose in Mexico over the course of approximately 22 weeks, 2) managing the PAMELA ROSE, and 3) utilizing Wetle's extensive connections in the commercial fishing industry.

49. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that Wetle's contributions of labor, knowledge, and extensive connections in the commercial fishing industry would be his capital contribution as a member in California Fisheries Holding LLC.

50. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that Wetle's commercial fishing license, if assigned to the PAMELA ROSE, would be used to supply California Fisheries Holding LLC with squid from which Wetle would derive a financial benefit as a member and equal partner.

51. Defendant Li, acting with actual or apparent authority as a partner in Duane Morris, misrepresented to Wetle that he was working with Wetle to create a seafood export business in which Wetle would be an equal partner.

52. Defendant Li's misrepresentations were material. Wetle would not have invested his time, effort, knowledge, or connections in the joint venture with Li had he known that Li was not planning on making Wetle a member and/or equal partner in California Fisheries Holding LLC, or that Li was planning to divert the Pamela Rose's catch to a different entity, or that Wetle would not be compensated for his almost 6 months spent in Mexico supervising the refit of the Pamela Rose, or that Li did not intend to compensate Wetle for his other work managing the Pamela Rose, or that Li was not actually treating Wetle's labor, knowledge, and connections as his capital contributions for his membership as an equal partner in California Fisheries Holding LLC.

53. Defendant Li intended to induce Wetle to rely on Li's misrepresentations. As an intellectual property attorney, Defendant Li lacked Wetle's experience, knowledge, and

COMPLAINT
Page 10 of 15

connections in the commercial fishing industry, and Li knew that someone with Wetle's experience, knowledge, and connections would be necessary to set up a new seafood export business with a dedicated fishing vessel.

54. Defendant Li had reason to expect that Wetle would rely on Li's misrepresentations. Li knew that by purporting to agree to an equal partnership with Wetle, Wetle would be willing to contribute his labor, experience, knowledge, and connections as an investment in the joint venture with the expectation of a substantial future return on that investment. Defendant Li also knew that Wetle would rely on Li's position and stature as an attorney and a partner in a large, national law firm and representations that Li would act as Wetle's legal counsel in the formation of the venture and, consequently, that Li would act in Wetle's best interest pursuant to his legal and ethical obligations.

55. Defendant Li also had reason to expect that Wetle would rely on Li's misrepresentations because Li told Wetle, in substance, that he was Wetle's attorney and would take good care of Wetle's interests.

56. Wetle reasonably relied upon the misrepresentations that Li made in 1) supervising the refit of the Pamela Rose in Mexico, 2) introducing Li and Wu to Wetle's connections in the commercial fishing industry and vouching for their trustworthiness in transactions that Wetle believed were in the service of the joint venture, 3) acting as the PAMELA ROSE's manager, 4) assigning his commercial fishing license to the PAMELA ROSE, 5) traveling to China to be the "face" of the partnership at a seafood expo, 6) performing other acts in-service of what Wetle reasonably believed was a joint venture and equal partnership, and 7) foregoing other opportunities in order to work on the joint venture.

COMPLAINT
Page 11 of 15

57. Wetle was justified in relying upon Li's misrepresentations because Li was also acting as Wetle's attorney and Li continued to assure Wetle that as his attorney he would protect Wetle's interests.

58. Wetle was substantially harmed by Li's misrepresentations because Wetle has not received a share of the profits from the seafood export venture that he played a substantial role in creating. Wetle has also lost his investment of almost a year of his time that could have spent in other, gainful economic pursuits. Wetle has also suffered reputational harms that have diminished his ability to create or participate in other business opportunities related to the commercial fishing industry.

59. Wetle has also suffered noneconomic damages as a result of Li's misrepresentations and betrayal including anxiety, loss of self-worth, sleeplessness, and other damages to be proven at trial.

60. These damages are all in an amount exceeding $75,000.00, exclusive of interests and costs, the exact amount to be proven at trial.

**SECOND CAUSE OF ACTION
LEGAL MALPRACTICE
(DEFENDANTS DUANE MORRIS LLP AND ZHAOYANG LI)**

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. Defendants, and each of them, had a duty to use such skill, prudence, and diligence as members of the legal profession commonly possess and exercise, in providing legal services to Wetle.

63.     Defendants, and each of them, failed to keep Wetle reasonably informed about significant developments relating to the representation, including failing to inform Wetle that Li was not setting up the joint venture such that Wetle would be a member and equal partner in an entity called California Fisheries Holding LLC, failing to inform Wetle that Li was not setting up the joint venture such that the Pamela Rose would supply fish exclusively to California Fisheries Holding LLC, and failing to inform Wetle that Li was negotiating with Golden Pacific to bypass any involvement or profit to Wetle.[1]

64.     Defendants, and each of them, failed to obtain informed written consent from Wetle regarding the conflict of interest between Li's representation of both Wu and Wetle given the significant risk that the lawyer's representation of both Wu and Wetle in the course of the operations of their general partnership would materially limit Defendants ability to provide competent and diligent representation to Wetle.[2]

65.     Defendants, and each of them entered into business transactions with Wetle that were neither fair nor reasonable to Wetle and failed to fully disclose Li's role in the transactions in writing to Wetle in a manner reasonably understandable to Wetle.[3]

66.     Defendants, and each of them, failed to advise Wetle in writing to seek the advice of an independent lawyer of Wetle's choice before entering into business transactions with Wetle and, to the contrary, advised Wetle not to seek the advice of independent counsel and instead to rely solely on the advice of Defendants.

---

[1]   Cal. R. Prof. Conduct 1.4.
[2]   Cal. R. Prof. Conduct 1.7(b).
[3]   Cal. R. Prof. Conduct 1.8.1(a).

COMPLAINT
Page 13 of 15

67. Defendants, and each of them, failed to obtain written consent to the terms of the transactions with Li and Li's role in the transactions.

68. Defendants, and each of them, failed to use such skill, prudence, and diligence in representing Wetle as members of the legal profession commonly possess and exercise.

69. As a direct and proximate result of the negligence and/or intentional failures of the Defendants described in paragraphs 1 through 68, above, Plaintiff sustained damages including, but not limited to, loss of business opportunity, lost profits, loss of investment, and other damages, all in an amount exceeding $75,000.00 exclusive of interest and costs, the exact amount to be proven at trial.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (DEFENDANTS DUANE MORRIS LLP AND ZHAOYANG LI)

70. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 69 as if fully set forth herein.

71. Defendants, and each of them, owed Wetle a fiduciary duty to act at all times in good faith and in Wetle's best interests, and had a duty, among others, to perform legal services related to the representation with reasonable care and skill, to act in Wetle's highest and best interests at all times, and to not expose Wetle to any unnecessary risk or peril.

72. Defendants, and each of them, breached their fiduciary duties and obligations to Wetle by doing all of the acts and omissions alleged in this Complaint. Among other things, Defendants breached their duty by putting Li's interests above those of Wetle, leading Wetle to believe that they were building a joint venture when in fact Li planned to cut Wetle out of the business once Li had fully exploited Wetle's labor, knowledge, and contacts.

73. As a direct and proximate result of the breach of fiduciary duty of the Defendants described in paragraphs 1 through 72, above, Plaintiff sustained damages including, but not limited to, loss of business opportunity, lost profits, loss of investment, and other damages, all in an amount exceeding $75,000.00 exclusive of interest and costs, the exact amount to be proven at trial.

## JURY DEMAND

74. Plaintiff demands a jury for all issues so triable in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court order the following relief:

a. Economic and noneconomic damages and disgorgement in an amount to be proven at trial;

b. Punitive damages as allowed by law;

c. Prejudgment and postjudgment interest at the maximum rate allowed by law;

d. For such other and further relief as the Court deems just and equitable.

Dated: May 6, 2019

                                            CHOATE LAW FIRM LLC

                                            By: *s/Mark Choate*
                                                  Mark Choate, SBN 206229
                                                  Attorney for Plaintiff, Jeremy Wetle

COMPLAINT
Page 15 of 15